# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMES ROBERT WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17CV173 SPM |
| | ) | |
| SAINT GENEVIEVE COUNTY | ) | |
| SHERIFF'S DEPT., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff James Robert Ward (registration no. 506994), an inmate at Moberly Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $15.55. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $77.79. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $15.55, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual

allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Complaint**

Plaintiff James Robert Ward, an inmate at Moberly Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights that purportedly occurred during his incarceration at Saint Genevieve County Jail. Plaintiff names as defendants in this action: Saint Genevieve County Sheriff's Department; Sheriff Gary Stolzer; and Public Defenders Jason Michael Emmons and Edward Loftus. Plaintiff sues defendants in their official and individual capacities.

During the time plaintiff was being held at Saint Genevieve County Jail as a pretrial detainee, he was awaiting trial on state criminal charges in Saint Genevieve County, Missouri, for a Class C felony of possession of controlled substance (methamphetamine), driving while his license had been suspended and/or revoked, resisting a lawful traffic stop, failure to yield to an emergency vehicle, exceeding the posted speed limit, failing to drive on the right side of the road, failing to drive without proper lighting and failing to properly signal. *See State v. Ward*, No. 15SG-CR01256 (24th Judicial Circuit, Saint Genevieve County Court). He was represented in his criminal action by public defenders Jason Michael Emmons and Edward Loftus. Plaintiff eventually decided to plead guilty, in a plea deal with the prosecution, on June 20, 2017, to two counts of the Indictment: possession of a controlled substance and driving while his license was suspended and/or revoked. He was sentenced to a total term of imprisonment of five (5) years in the Missouri Department of Corrections. *See State v. Ward*, No. 15SG-CR01256-01 (24th Judicial Circuit, Saint Genevieve County Court).

In the present action, plaintiff asserts that he received ineffective assistance of counsel from defendants Emmons and Loftus during his state criminal trial.

Plaintiff attempts to bring claims on behalf of two other individuals in this lawsuit. He claims that prior to his incarceration he was living with Ms. Mary White. He asserts that after he was already incarcerated at the County Jail, unnamed and unknown police officers that plaintiff believes were from the Saint Genevieve County Sheriff's Department showed up at Ms. White's house and told her they had a search warrant and "took things that wasn't auto parts" and threatened her with locking her up for "being argumentative." Plaintiff claims that the officers also broke into a truck that was parked on the property line that belonged to another individual, Dave Kessler. Plaintiff states that he will be responsible for paying Mr. Kessler for the damage to his truck.

Plaintiff seeks monetary damages in his complaint.

**Discussion**

First and foremost, plaintiff may not bring a claim on behalf of another individual, as he is acting pro se and is not an attorney authorized to practice law. *See* 28 U.S.C. § 1654. If Ms. White or Mr. Kessler wish to bring claims against defendants, they will have to do so on their own behalf.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Saint Genevieve County was responsible for any of the alleged violations of plaintiff's

constitutional rights. Therefore, plaintiff's official capacity claims fail to state a claim upon which relief may be granted.[1]

Plaintiff's complaint is also legally frivolous as to defendants Jason Michael Emmons and Edward Loftus because, where "prosecutor[s] [are] acting as advocate[s] for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).

In light of the aforementioned, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. No. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $15.55 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

---

[1] Although plaintiff mentions Sheriff Stolzer as a defendant in this action, he has not made any individual claims against Sheriff Stolzer on his own behalf. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 20th day of February, 2018.

                                              HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE